IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JOSEPH ANTHONY FABIILLI,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO MODIFY FILE PAYMENT SCHEDULE<br><br><br><br>Case No. 2:98-CR-278 TS |

Defendant moves to modify his fine payment schedule based on a change in his economic circumstances. On July 12, 2006, Defendant was sentenced to 24 months incarceration, 36 months supervised release, and a fine of $500,000. Based on the financial information contained in the Presentence Report, the fine payment schedule requires payments of $12,000 a month.

Defendant is now on supervised release and is working in a different and less lucrative field than when he was sentenced. He moves to adjust his fine payment schedule under 18 U.S.C. § 3572(d)(3). That section requires Defendant notify the Court of "any material change in the defendant's economic circumstances that might affect the

1

Defendant's ability to pay the fine."[1]  The Court may then "adjust the payment schedule, or require immediate payment in full, as the interests of justice require."[2]

The Court finds that Defendant has shown a material change in his economic circumstances that affect his ability to pay the fine.  Defendant has shown that he is no longer able to make payments as scheduled.  This showing includes the current income of Defendant and his wife.  Based on the information provided, the government does not oppose a modification.

The parties agree that a fine payment schedule based on a payment of ten percent of Defendant's gross income each month would be appropriate under his current economic circumstances.

The Court finds it is in the interest of justice to adjust the fine payment schedule from $12,000 a month to an amount equal to ten percent of Defendant's gross monthly income.  Defendant is reminded that, under 18 U.S.C. § 3572(d)(3), he remains obligated to notify the Court of any further material changes in his economic circumstances that affect his ability to pay the fine, including changes that would materially increase his ability to pay.

On its own Motion, the Court has sealed the exhibits to Defendant's Motion under Fed. R. Crim. P. 49.1(e)(2) for good cause.  Counsel are reminded that documents should comply with Rule 49.1(a)(5)'s redaction provisions.   It is therefore

---

[1] 18 U.S.C. § 3572(d)(3).

[2] *Id.*

ORDERED that Defendant's Motion to Modify Fine Payment Schedule (Docket No. 492) is GRANTED.  It is further

ORDERED that Defendant's fine payment schedule of $12,000 a month is amended to require payments of ten percent of Defendant's gross monthly income.

DATED   January 26, 2009.

                          BY THE COURT:

                          _____
                          TED STEWART
                          United States District Judge